UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH J. MOSER,<br><br>                           Plaintiff,<br><br>v.<br><br>MCAN, LLC; THOMAS COSTA,<br><br>                         Defendants. | Case No.: 3:18-cv-0210-CAB-BGS<br><br>**ORDER ON MOTION FOR DEFAULT JUDGMENT**<br>**[Doc. No. 8]** |

Currently before the Court is Plaintiff Kenneth J. Moser's ("Plaintiff") motion for default judgment against Defendants MCAN, LLC ("MCAN") and Thomas Costa ("Costa") pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure. [Doc. No. 8.[1]] None of the defendants have appeared in this case, and no response to the motion has been filed. For the reasons set forth below, Plaintiff's motion is **GRANTED** in part and **DENIED** in part.

**I.    BACKGROUND**

On January 29, 2018, Plaintiff filed a complaint seeking damages for alleged violations of the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227 et. seq.

---

[1] Document numbers and page references are to those assigned by CM/ECF for the docket entry.

("TCPA").[2] [Doc. No. 1.] Plaintiff alleges that from May 2016 through January 2017, Defendants transmitted thirty (30) telemarketing calls and one (1) text message to his cellular telephone number without his consent using an automatic telephone dialing system ("ATDS"). [*Id.* ¶ 10.] Plaintiff alleges that these transmissions violated the TCPA, and seeks statutory damages and costs of suit incurred.

During the relevant time period, MCAN, LLC was a New York Limited Liability Company, doing business as "BizBloom" or "bizbloom.com." [*Id.* ¶ 2.] Thomas Costa was a resident of New York. [*Id.* ¶ 4.] Plaintiff properly served the Summons and Complaint on both Defendants on February 15, 2018 in Plainview, New York. [Doc. No. 3.]

On March 21, 2018, Plaintiff requested entry of default against MCAN and Costa, and on March 22, 2018, the Clerk of Court entered default against both Defendants. [Doc. Nos. 5, 6.] On June 8, 2018, Plaintiff filed a Notice of Voluntary Dismissal, dismissing all other Defendants besides MCAN and Costa. [Doc. No. 9.] Plaintiff now moves for default judgment against MCAN and Costa. [Doc. No. 8.]

## II.     DISCUSSION

### A.  Legal Standards for Entry of Default Judgment.

In light of Defendants' failure to respond to the Complaint, all of the allegations contained within it, aside from the amount of damages, are deemed admitted. FED. R. CIV. P. 8(b)(6); *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977) ("The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true."). However, although well-pleaded allegations in the Complaint are deemed true, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps*

---

[2] The caption of Plaintiff's Complaint appears to assert three causes of action. However, the main body of his Complaint and his Prayer for Relief seem to only assert claims under the TCPA. Therefore, the Court's order on Plaintiff's motion for default judgment focuses solely on Plaintiff's TCPA claims, notwithstanding the caption of the Complaint that sets forth additional claims.

*v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992), *superseded by statute on other grounds*, Pub. L. No. 100-702, 102 Stat. 4669.

It is within the Court's discretion to enter default judgment following entry of default by the clerk. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). The Ninth Circuit has identified seven factors for district courts to consider before entering default judgment:

> (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Id.* at 1471-72.

### B. Application of Default Judgment Factors Under *Eitel*

In this action, the *Eitel* factors weigh in favor of entering default judgment against Defendants as to some but not all of Plaintiff's claims.

### 1. Possibility of prejudice to Plaintiff

If denial of default judgment will likely leave Plaintiff without recourse for recovery, such potential prejudice to Plaintiff favors granting default. *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002); *Landstar Ranger, Inc. v. Parth Enters.*, 725 F. Supp. 2d 916, 920 (C.D. Cal. 2010). Here, none of the Defendants have appeared, and may be unlikely to appear as they were served in New York. Plaintiff has no other means to obtain relief, and will likely suffer prejudice without the grant of default judgment. Thus, this factor weighs in favor of granting Plaintiff default judgment.

### 2. Merits of Plaintiff's substantive claim and sufficiency of the complaint

"[U]pon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes*, 559 F.2d at 560. The court must examine the complaint to determine whether the plaintiff adequately pled a claim for relief. *Danny v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978). An adequately pled complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

To establish a violation under the TCPA, Plaintiff must show that (1) the phone calls were made using an ATDS; (2) he was the "called party;" and (3) that Defendants did not have Plaintiff's prior consent to make the calls. 47 U.S.C. § 227(b)(1)(A)(iii); *Meyer v. Portfolio Recovery Associates, LLC*, 77 F.3d 1036, 1043 (9th Cir. 2012). Plaintiff argues he has sufficiently pled facts necessary to meet the elements required for willful TCPA violations. [Doc. No. 8-1 at 6.]

### i. Plaintiff's claims based on the alleged telephone calls

Here, Plaintiff adequately alleges that Defendants violated the TCPA with thirty calls made to Plaintiff's cellular telephone. [Doc. No. 1 ¶¶ 10–15.] Under the first element, Plaintiff contends that Defendants' calls to him were made using an ATDS, as all calls played an artificial or prerecorded voice message. [*Id.* ¶¶ 17–21.] Although these are general allegations, Plaintiff's Complaint supports a reasonable inference that the calls were sent using an ATDS. Regarding the second element, Plaintiff states that he is the "called party" because the cellular telephone number Defendants dialed belonged to him. [*Id.* ¶ 11.] As for the last element, Plaintiff claims he never gave Defendants consent to contact him via telephone, although he concedes he gave BizBloom representatives permission to e-mail him in order to "identify the caller" and "play along further." [*Id.* ¶ 24–25.] Accordingly, the Court concludes that Plaintiff has adequately pled claims for relief as to these thirty telephone calls, and finds this factor weighs in favor of entering default judgment against Defendants on these claims.

### ii. Plaintiff's claim based on the alleged text message

Plaintiff also claims that Defendants violated the TCPA when they transmitted one text message to his cellular telephone on January 19, 2017.[3] [*Id.* ¶ 15.] Though Plaintiff

---

[3] As Plaintiff states in his Complaint, a text message is a "call" within the meaning of the TCPA. *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 952 (9th Cir. 2009).

has adequately alleged the second and third elements of a TCPA violation for the text message, as it was sent to his cellular telephone number without his consent, Plaintiff has not satisfied the first element by adequately pleading that the text message was sent using an ATDS. Plaintiff merely offers a conclusory statement that the message was sent "using an automatic dialer,"[4] which the Court finds is insufficient to plead a claim under the TCPA. [*Id.*]

"In proving a defendant's use of [an] ATDS under the TCPA, courts have recognized the difficulty a plaintiff faces in knowing the type of calling system the defendant used without the benefit of discovery." *Charkchyan v. EZ Capital, Inc.*, No. 2:14-cv-03564-ODW (ASx), 2015 WL 3660315, at *3 (C.D. Cal. June 11, 2015). In *Charkchyan*, the court found that the plaintiff's allegations supported the use of an ATDS when he described the text messages he received "as being formatted in SMS short code, '670-76,'" and as being scripted in an "impersonal manner." *Id.* Similarly, in *Kramer v. Autobytel, Inc.*, 759 F. Supp. 2d 1165, 1171 (N.D. Cal. 2010), the court found that the plaintiff's allegations supported the use of an ATDS when he described the messages as "advertisements written in an impersonal manner," coming "from SMS short code 77893," and the plaintiff had "no other reason to be in contact with Defendants." However, this case is distinguishable because the text message at issue here does not appear to be a mass sales pitch sent to a randomly generated telephone number. The image included in paragraph 15 of Plaintiff's Complaint shows that the message was personally addressed to Mr. Moser, and refers to a conversation he allegedly had with the sender a few days prior. [Doc. No. 1 ¶ 15.] Further, the message does not come from an SMS short code number, but from a full ten-digit telephone number. [*Id.*] Though Plaintiff here faces the same difficulty of proving Defendants' use of an ATDS as the plaintiffs in *Charkchyan* and *Kramer*, Plaintiff has not

---

[4] The TCPA defines an "autodialer" as "equipment which has the capacity (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

provided the Court with enough information to support his allegations beyond his own conclusory statement. Therefore, the Court finds that Plaintiff has not sufficiently alleged a plausible claim for relief under the TCPA. This factor weighs against entering default judgment for Plaintiff's TCPA claim based on the January 19, 2017 text message.

### 3. The sum of money at stake

Courts "consider the amount of money at stake in relation to the seriousness of Defendant's conduct." *PepsiCo,* 238 F. Supp. 2d at 1176. Further, the Court considers Plaintiff's declarations, calculations, and other documentation of damages in determining if the amount at stake is reasonable. *Mabeza v. Ashfield Mgmt. Servs., Inc.*, No. 17-cv-1946-AJB-KSC, 2018 WL 1400778, at *3 (S.D. Cal. Mar. 20, 2018) (internal citations omitted).

The TCPA allows a plaintiff to recover $500 in damages for each statutory violation. 47 U.S.C. § 227(b)(3)(B). However, "[i]f the court finds that the defendant willfully or knowingly violated" the TCPA, it may, in its discretion, award treble damages in an amount equal to "not more than 3 times" the statutory damage amount of $500. 47 U.S.C. § 227(b)(3)(C). Here, Plaintiff is seeking $1,500.00 for each alleged TCPA violation and $570.00 for his costs incurred, for a total default judgment amount of $47,070.00. [Doc. No. 8-1 at 8.] Plaintiff argues the Court should treble his damage award to $1,500 per alleged violation because Defendants made the telephone calls "intentionally" and "knowingly that they were made in contravention of the TCPA." [Doc. No. 1 ¶¶ 69–70.]

District courts within the Ninth Circuit have acknowledged a split in authority as to "what predicate conduct is required before a treble damages awar[d] may be issued." *J2 Global Commc'ns, Inc. v. Blue Jay Inc.*, No. C 08-4254 PJH, 2009 WL 4572726, at *7 (N.D. Cal. Dec. 1, 2009). Some courts have held that a defendant must have had knowledge that their conduct violated the law (i.e. the TCPA), while others have held that merely sending the unsolicited communication is sufficient, even if the defendant had no knowledge it was violating the law. *Id.* It is true that a single, non-consensual telephone call may violate the TCPA; however, "there must be something more to constitute

willfulness, otherwise every violation of the TCPA would be per se willful." *Cross v. W. Coast Ctr., LLC*, No. 17-cv-1076-AJB-BGS, 2018 WL 2018178, at *2 (S.D. Cal. May 1, 2018). For example, some courts have defined a willful violation of the TCPA as when "Plaintiff notifies Defendant to stop calling and Defendant disregards the request." *Sapan v. Auth. Tax Servs., LLC*, No. 13cv2782 JAH (JLB), 2014 WL 12493282, at *2 (S.D. Cal. July 15, 2014) (awarding trebled damages when defendant made seventy-two phone calls without consent and plaintiff's number was registered on the Do Not Call list); *see also Mabeza*, 2018 WL 1400778 at *3 (awarding trebled damages when plaintiff "expressly revoked consent to be contacted" and defendant then made five more calls to plaintiff).

Here, Plaintiff has not alleged that Defendants' conduct was knowingly in violation of the TCPA, nor has he alleged "something more" to show that Defendants acted willfully. *Cross*, 2018 WL 2018178 at *2. In his Complaint, Plaintiff states that when he spoke to a live BizBloom agent on three separate occasions, he "did not give [the agent] permission to make any more calls" and "did not agree to any follow up calls." [Doc. No. 1 ¶¶ 25, 33, 42.] However, Plaintiff did not expressly request that Defendants stop calling him during any of the three calls. [*Id.*] Plaintiff does not allege that he revoked consent to be contacted at any other time, nor that he was on any kind of "Do Not Call" registry. [*Id.*] Though Plaintiff "contends that it is abundantly obvious MCAN made junk prerecorded sales calls with no attempt whatsoever to comply with the TCPA," he provides no additional support for his allegations of willfulness. [Doc. Nos. 1 ¶ 15; 8-1 at 6.] Therefore, taking Plaintiff's allegations as true, the Court does not find that Defendants exhibited sufficient willfulness to warrant trebled damages.[5] The Court instead awards the statutory minimum of $500 as a reasonable sum for each of the thirty telephone call violations.

Accordingly, Plaintiff is entitled to a statutory damage award of $15,000. In addition, Plaintiff is entitled to the $570 in costs he incurred in bringing this action

---

[5] Even if the Court did find that Defendants willfully violated the TCPA, it is within the Court's discretion to decide whether to increase the amount of a damages award. 47 U.S.C. § 227(b)(3)(C).

(consisting of the filing fee and costs for service of process on Defendants), for a total award of $15,570. The sum of money at stake is not large, so this factor weighs in favor of entry of default. *See Totten v. Hurrell*, No. C-00-2718 PJH, 2001 U.S. Dist. LEXIS 20259, at *2 (N.D. Cal. Nov. 28, 2001) (holding that the *Eitel* "'sum of money at stake' factor is meant to focus on the size of the award requested, as courts are hesitant to enter default judgments where large sums of money are at stake," and finding an award of $19,977.74 not large "in today's world").

### 4. The possibility of a dispute concerning material facts

Upon entry of default, all well-pleaded facts in the complaint are taken as true, except those relating to damages. *Televideo v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987); *Geddes*, 559 F.2d at 560. Here, Plaintiff has alleged sufficient facts to support his claims regarding the thirty telephone calls, as analyzed above. Moreover, since "defendant has made no attempt to challenge the accuracy of the allegations in the complaint," no factual dispute precludes entry of default judgment. *Landstar,* 725 F. Supp. 2d at 921-22.

### 5. Whether the default was due to excusable neglect

Defendants were properly served with the summons and complaint. [Doc. No. 3.] In addition, Defendants were served with notice of Plaintiff's application for default judgment by mail. [Doc. No. 8 at 2.] Therefore, there is no indication that the default is due to excusable neglect. *See, e.g., Craigslist, Inc. v. Kerbel,* No. 11-3309, 2012 WL 3166798, at *8 (N.D. Cal. Aug 2, 2012) (defendant's default was unlikely due to excusable neglect considering fact that "Plaintiffs served not only the summons and complaint but also the request for entry of default on Defendant but still received no response"). Accordingly, this factor weighs in favor of default judgment.

### 6. The strong policy underlying the Federal Rules of Civil Procedure

Although default judgment is disfavored, "Defendant's failure to answer Plaintiff's Complaint makes a decision on the merits impractical, if not impossible." *PepsiCo*, 238 F. Supp. 2d at 177. Here, Defendants have failed to file or answer or otherwise respond to the Complaint. However, this does not preclude the Court from entering default judgment

against them. *Id.* Thus, the relevant considerations weigh in favor of entry of default judgment against Defendants.

### III. CONCLUSION

Consistent with the foregoing, it is hereby **ORDERED** as follows:

1. Plaintiff's motion for default judgment on the TCPA claims for the thirty (30) telephone calls is **GRANTED**;
2. Plaintiff's motion for default judgment on the TCPA claim for the January 19, 2017 text message is **DENIED**.
3. The Court awards Plaintiff damages in the amount of $15,570.

**IT IS SO ORDERED**.

Dated: July 6, 2018

Hon. Cathy Ann Bencivengo
United States District Judge